## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEVADANS FOR BACKGROUND CHECKS, a Nevada not-for-profit organization; 455 East Pebble Road # 231566 Las Vegas, NV 89123, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL BUREAU OF INVESTIGATION, 935 Pennsylvania Avenue, N.W. Washington, D.C. 20535, <br><br> Defendant. | Civil Action No. 1:17-cv-2764 |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      Plaintiff Nevadans For Background Checks brings this action against the Federal Bureau of Investigation ("FBI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.      This lawsuit challenges the failure of the FBI to disclose documents pursuant to the February 13, 2017 FOIA request submitted to the FBI by Nevadans for Background Checks (the "FOIA Request," attached as Ex. A hereto).

3.      The FOIA Request seeks records relating to communications between the FBI and Nevada state or local government officials regarding the Nevada Background Check Act.

4.      The Nevada Background Check Act was enacted through a ballot initiative approved by Nevada's voters in November 2016 and closed a dangerous loophole in the federal background check law.

5.      But the law has not been implemented, and the narrowly tailored FOIA Request that Plaintiff seeks enforcement of through this action may yield documents that shed light on the reasons for that failure.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 522(a)(4)(B) and 5 U.S.C. § 522(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper in this district under 5 U.S.C. § 522(a)(4)(B).

## Parties

7.      Plaintiff Nevadans for Background Checks – the FOIA requestor – is a 501(c)(4) not-for-profit organization that supported the ballot initiative pursuant to which the citizens of Nevada passed the Nevada Background Check Act.  Nevadans for Background Checks is located in the state of Nevada.

8.      Defendant FBI is a component of the U.S. Department of Justice ("DOJ"), which is a federal agency within the meaning of 5 U.S.C. § 522(f)(1).  The FBI is headquartered in Washington, D.C.

## Factual Allegations

### The Nevada Background Check Act

9.      The records Plaintiff seeks relating to the Nevada Background Check Act are of significant public importance.

2

10.     The federal Brady Handgun Violence Prevention Act, 18 U.S.C. § 922(t) ("Brady Act") requires licensed gun dealers to conduct criminal background checks of purchasers before completing most gun sales.

11.     The Brady Act does not require individuals who are not licensed dealers to conduct background checks before selling guns online, at gun shows and in other private transactions.

12.     On November 8, 2016, Nevada voters adopted a ballot initiative, Ballot Question 1, the Nevada Background Check Act, to close this dangerous loophole.  The Nevada Background Check Act requires that background checks be completed before buyers can purchase guns from individuals who are not licensed gun dealers in Nevada.

13.     The Nevada Background Check Act has an effective date of January 1, 2017.

14.     However, on information and belief, Nevada Governor Brian Sandoval and Nevada Attorney General Adam Laxalt have not taken any actions to implement the law that the voters passed, and the law has not taken effect.

15.     On December 28, 2016, Attorney General Adam Laxalt issued a legal opinion declaring the Background Check Law unenforceable.

16.     The opinion cited a December 14, 2016 letter from the FBI's National Instant Crime ("NICS") Section Chief, Kimberly J. Del Greco, to Julie Butler, the General Services Division Administrator of the Nevada Department of Public Safety.

17.     On October 12, 2017, three Nevada citizens who were involved in supporting and working for the passage the Background Check Law filed a Petition for Writ of Mandamus and Complaint for Declaratory Relief against Nevada Governor Brian Sandoval and Attorney

General Adam Laxalt in their official capacities.  (<u>Zusi, Delatorre, Gordon v. Sandoval and

Laxalt</u>, Case No. A-17-762975-W, District Court, Clark County, Nevada.)

18.     The Nevada lawsuit seeks, among other things, a writ of mandamus directing

Governor Sandoval to fulfill his constitutional obligation to see that the Nevada Background

Check Act is faithfully executed.

The FOIA Request

19.     On February 13, 2017, Plaintiff submitted, via facsimile transmission, the FOIA

Request to the FBI's FOIA Office.

20.     The FOIA Request seeks – for the time period January 1, 2016 through February

13, 2017 – the following agency records:

1.  Any communications related to the December 14, 2016 Letter from Kimberly J. Del Greco to Julie Butler.
2.  Any documents relied upon or consulted in the drafting of the December 14, 2016 letter from Kimberly J. Del Greco to Julie Butler.
3.  Any communications or documents considered or relied upon for the assertion that Nevada has opted to serve as a Point of Contact for the purpose of conducting background checks for Federal Firearms Licensees who facilitate a transfer between private parties, which assertion is contained in the December 14, 2016 Letter from Kimberly J. Del. Greco to Julie Butler.
4.  Any communications with any Nevada state or local government official or employee relating to:
    a.  Nevada Ballot Question 1 (2016)
    b.  Background checks for purchasers or transferees of firearms in Nevada.
5.  Any communications or documents related to any agreement between any Nevada governmental agency and the FBI or its affiliated agencies regarding the performance of  background checks of purchasers or transferees of firearms.

21.     On or about March 7, 2017, Plaintiff called Leanna Ramsey, **Public Information

Officer,** Record/Information Dissemination Section (RIDS) FBI-Records Management Division to

obtain information about the status of the FOIA request.

22.     Plaintiff was informed that Plaintiff would receive a communication assigning a FOIPA number to the FOIA Request.

23.     Plaintiff did not receive a letter assigning a FOIPA number.

24.     However, on May 1, 2017, Plaintiff received a letter from the FBI. The header of the May 1, 2017 letter includes the following: "FOIPA Request No. 1367652-00, Subject: Nevada Firearms Background Checks for Purchasers or Transferees and Nevada Ballot Question 1 2016 (Communications with any Nevada State or Local Government Official or Employee 01/01/2016-02/13/2017))."

25.     The Letter advised that "your FOIPA request number noted above [FOIPA Request No. 1367652-000] is being closed administratively."

26.     The Letter further advised that "[t]he material responsive to your request will be processed in FOIPA 1367653, as they share the same information."

27.     The Letter further advised, "For questions regarding our determinations, visit the www.fbi.gov/foia website under 'Contact Us.'  Please use FOIPA Number 1367653 in all correspondence concerning your request.  Your patience is appreciated."

28.     Plaintiff only submitted one FOIA Request to the FBI for information relating to communications regarding Nevada Firearms Background Checks and Ballot Question 1 2016.

29.     Plaintiff has not been provided with any information from the FBI about why two FOIPA numbers apparently were assigned to the same request.

30.     The FBI's website states that "requesters are encouraged to use the FBI's FOIPA online status tool at https://vault.fbi.gov/fdps-1/@@search-fdps. This tool can also be found on the FOIPA Status tab at the top of this page (www.fbi.gov/foipa). Status updates are performed

on a weekly basis." https://www.fbi.gov/services/records-management/foipa#What-Happens%20After%20Making%20a%20Request

31.　Plaintiff has entered FOIPA number 1367653-000 into the FBI's online status request portal located at https://vault.fbi.gov/fdps-1/@@search-fdps.

32.　As of December 20, 2017, when FOIPA request number 1367653-000 is entered into the FBI's online status request portal,  Plaintiff receives the following electronic response: "Process Description The FBI's FOIPA Program is processing your request in accordance to the Freedom of Information and Privacy Acts guidelines." https://vault.fbi.gov/fdps-1/search-fdps?foipa=1367653-000&submit=Submit

33.　Pursuant to 5 U.S.C. § 522(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA Request within twenty business days of receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.  Plaintiff did not receive any notice of unusual circumstances per 5 U.S.C. § 522(a)(6)(B)(i).

34.　Defendant's initial determinations regarding Plaintiff's FOIA Request were due no later than March 7, 2017.

35.　As of the filing of this Complaint, Plaintiff has received no additional communications from Defendant regarding the FOIA Request.

36.　As of the date of this complaint, the Defendant has failed to (1) determine whether to comply with Plaintiff's FOIA Request; (2) notify Plaintiff of any such determination and the reasons therefore; or (3) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

37.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. §
522(a)(6)(A)(i), or extend the time limit by written notice as set forth in 5 U.S.C. §
552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies
pursuant to 5 U.S.C. § 522(a)(60(C)(i).

**Claim for Relief**

38.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth
herein.

39.     By failing to respond Plaintiff's request within the statutorily mandated twenty
days, Defendant has violated its duties under 5 U.S.C. § 552, including, but not limited to, the
duties to conduct a reasonable search for responsive records, to take reasonable steps to release
all nonexempt information, and to not withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to conduct a search for any and all records responsive to
   Plaintiff's FOIA request using search methods reasonably likely to lead to
   discovery of all responsive records;

2. Order Defendant to produce, by February 1, 2018 or a date certain promptly
   thereafter, any and all non-exempt responsive records and a *Vaughn* index of
   any responsive records withheld under a claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt
   responsive records;

4. Award Plaintiff its costs, attorneys' fee, and other disbursements for this
   action; and

5. Grant any other relief this Court deems appropriate.

Dated: December 22, 2017

Respectfully submitted,

*/s/Jerry Stouck*
JERRY STOUCK
DC Bar No. 343400
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
**Counsel for Plaintiff**
**Nevadans For Background Checks**